THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MICHAEL SCHLAGEL, Defendant.

Fourth Department, October 1, 1924.

Penalties — action to recover penalty under Conservation Law, § 182, for setting or using nets in inland waters without license — nets were seized within 300 feet of water — at time of seizure Conservation Law, § 282, as amended by Laws of 1922, chapter 146, provided that possession constituted misdemeanor and provision theretofore existing that possession within 500 feet of inland water was presumptive evidence of unlawful use was omitted — defendant not subject to penalty — defendant cannot be punished under Conservation Law, § 182.

The defendant cannot be subjected to a penalty under section 182 of the Conservation Law for setting or using nets for the taking of fish in inland waters of the State without a license so to do, where there is no evidence that he set or used the nets but merely that they were seized while in his possession within

300 feet of one of the inland waters of the State, since at the time of the seizure section 282 of the Conservation Law had been amended by chapter 146 of the Laws of 1922, so as to provide that the possession of nets other than as provided for by part 8, at any time by any person in or on or within one-half mile of any waters of the State shall be a misdemeanor, and the provision theretofore existing to the effect that the possession of nets within 500 feet of any waters should be presumptive evidence that the same had been used unlawfully, was omitted.

At the time of the seizure the defendant might have been prosecuted for committing a misdemeanor and punished accordingly, but that remedy was exclusive and he was not subject to any penalty under section 182 of the Conservation Law on the ground that possession of the nets without a license was prohibited by the law and, therefore, punishable under said section, since the punishment prescribed by that section does not apply where a different or other penalty is elsewhere provided.

MOTION by the defendant, Michael Schlagel, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division, Fourth Department, in the first instance after the direction of a verdict in plaintiff's favor at the close of the case upon a trial before the court and a jury at the Monroe Trial Term in November, 1923.

*Forsyth & Forsyth* [*George D. Forsyth* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*Edgar V. Bloodough, Deputy Attorney-General,* of counsel], for the respondent.

CLARK, J.:

A verdict was directed in favor of plaintiff for the amount of a penalty under the provisions of section 182 of the Conservation Law. (See Conservation Law, § 182, subd. 1, added by Laws of 1912, chap. 318, as amd. by Laws of 1913, chap. 508; Laws of 1916, chap. 521, and Laws of 1917, chap. 486.)

The charge was that defendant violated a rule of the Conservation Commission, which provided that no nets of any kind should be *set* or *used* for the taking of fish in any inland waters of the State without a license so to do.

On the 9th day of May, 1923, several prohibited fish nets were found in defendant's possession in buildings located within 300 feet of Genesee river, which is one of the inland waters of the State.

Defendant had no license authorizing him to possess such nets. There was no proof that they had been " set or used " for the taking of fish. Plaintiff's original theory was that possession of the nets by defendant was presumptive evidence that they had been used illegally.

At the time these nets were found the Conservation Law did not so provide. Such a provision had been contained in section

282 of the Conservation Law (added by Laws of 1912, chap. 318, as amd. by Laws of 1913, chap. 508) down to March 22, 1922, but by chapter 146 of the Laws of 1922, section 282 of the Conservation Law was amended, and it provided that " Possession of nets other than as provided for by part VIII at any time by any person in or on or within one-half mile of any waters of the State shall be a misdemeanor."

Before this amendment of 1922, section 282 of the Conservation Law had provided that the possession of nets other than those provided for by part 8 of article 5 of the statute at any time by any person within 500 feet of any waters of the State should be presumptive evidence that the same had been used unlawfully.

Defendant claims that by the amendment of 1922 (Laws of 1922, chap. 146), which was in effect when these nets were found, this offense was a misdemeanor and punishable as such, and that no penalty could be recovered. In other words, that the offender could be prosecuted for committing a misdemeanor and be punished accordingly, but that that remedy was exclusive.

While chapter 146 of the Laws of 1922, amending section 282 of the Conservation Law, did not expressly repeal the provisions formerly contained in the statute making the possession of such nets without a license presumptive evidence that they were unlawfully used, the fact that these words were omitted, and in their place the words " shall be a misdemeanor " were substituted, justifies the conclusion that it was the legislative intent to have an offender prosecuted criminally for committing a misdemeanor, and if found guilty, punishable accordingly, in the place of a penalty.

The fact that by chapter 83 of the Laws of 1923 (amdg. said § 282), which went into effect July 1, 1923, but after the seizure in question, the clause making the possession of nets other than as provided for by said part 8, presumptive evidence that they were unlawfully used, was restored, justifies defendant in his assertion that when that clause was out of the statute, in the absence of proof that the nets had been " set or used " for the taking of fish without a license, such a violation could only be prosecuted criminally. (See, also, Laws of 1924, chap. 119, since amdg. said § 282.)

There was no evidence in this case that these nets had been " set or used " for the taking of fish, and in view of the fact that at the time these nets were found the statute did not provide that their possession was presumptive evidence that they had been unlawfully used, we think the recovery of a penalty under this evidence was improper.

Nor is the contention of the People, urged on the appeal, that possession of the nets without a license was prohibited by the

law and, therefore, punishable under section 182, tenable. The punishment prescribed in section 182 does not apply where a different or other penalty is elsewhere provided for. The punishment for illegal possession is expressly prescribed in section 282. It is, therefore, exclusive.

Moreover, it is doubtful whether the complaint which was clearly framed on one theory is broad enough to permit recovery on the other.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Defendant's exceptions sustained, and motion for new trial granted, with costs to defendant to abide event.